MATTHEW KELLEGREW, admitted to N.D. Calif.
CA SBN: 296166
1711 Willamette St. Ste 301, #359
Eugene, OR 97401-4593
Tel: 541-687-9180
Email: mkellegrew@cldc.org

Attorneys for Movant J. Doe

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In the Matter of the Summons Number OPR-DC-2026-032216-001:* <br><br> J. DOE, <br><br> Movant, <br><br> v. <br><br> THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br><br> Respondent. | Case No. 26-mc-80074 <br><br> **NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH ADMINISTRATIVE SUMMONS** <br><br> **DATE:** To Be Determined <br><br> **TIME:** To Be Determined |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that this motion will be heard as soon as this matter may be scheduled in the above-titled Court of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102.

Movant J. Doe respectfully submits the following memorandum of points and authorities in support of Doe's Motion to Quash Summons. This motion is based on Fed. R. Civ. P. 45(d)(3), the points and authorities herein, the declaration of J. Doe and

- 1 -

NOTICE & MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH ADMIN. SUMMONS

attached Exhibits A and B, and any other evidence that may be entered into the record and/or presented at a hearing.

## STATEMENT OF FACTS

As set forth in the Declaration of J. Doe, filed herewith, they are a United States citizen residing in the State of Oregon. Doe is associated with a social media account on the online service Reddit. Doe utilizes this account to engage in political speech through direct posts, as well as dialogue with community members in comment threads associated with their own and others' posts. Reddit allows users to post and engage on the service without publicly disclosing their legal identity. Like many other users on the site, Doe uses Reddit to converse anonymously.

Neither Doe nor their Reddit account are associated with importing or exporting any merchandise or any other thing subject to tax or duty into or out of the United States. They have not traveled out of the country, are not engaged in any international or domestic commerce, have no business concerns outside the United States (or at all), and primarily use their Reddit account to engage in political speech relevant to their local community.

On March 6, 2026, Doe received a notification from Reddit notifying Doe that Reddit had received a "legal request" seeking information related to accounts operated by Doe, and that Reddit intended to comply unless Doe provided Reddit with a motion to quash. Following a request to Reddit for more information, Doe was provided with a redacted copy of the Summons at issue. Ex. A, attached.  The Summons was identified as a Department of Homeland Security "Summons To Appear and/or Produce Records -

19 U.SC. § 1509."

The Summons asserts:

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry to ascertain the correctness of entries, to determine the liability for duties, taxes, fines, penalties, or forfeitures, **and/or to ensure compliance with the laws or regulations administered by CBP and ICE.**

Exhibit A (emph. added).

The Summons seeks the following information from Reddit:

All customer or subscriber account information for any and all accounts associated with the following identifiers listed below:

Reddit User: Tired_Thumb

Date: January 1, 2026 - February 18, 2026

In addition, for each such account, the information shall include the subscriber's:

I. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Length of service (including start date) and types of service utilized;

4. Telephone or instrument numbers (including model type/numbers, phone numbers, IMSIs, IMEIs, MEIDs, UDIDs, MAC addresses, and advertising IDs);

5. Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses);

6. IP addresses when connected to service and posting activity

7. Means and source of payment for such service (including any credit card or bank account number) and billing records.

Ex. A.

Although the Summons was addressed to Reddit's Sacramento address, the

location where compliance would occur -- its headquarters -- is in San Francisco. https://www.sec.gov/Archives/edgar/data/1713445/000171344525000096/redditannualreport2024.pdf.[1]

## ARGUMENT

**I.    The Administrative Summons Exceeds the Scope of 19 U.S.C. § 1509**

The stated authority for the Summons is 19 U.S.C. § 1509. That statute does not provide authority for the Summons that was issued to Reddit.

Administrative subpoenas are subject to judicial review.[2] *U.S. v. Golden Valley Elec. Ass'n*, 689 F.3d 1108 (2012). "An administrative subpoena may not be "too indefinite or broad." *Peters v. United States*, 853 F.2d 692, 699 (9th Cir. 1988). "The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (*en banc), overruled on other grounds as recognized in Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299 (9th Cir. 1994).

Even if other criteria are satisfied, "a Fourth Amendment 'reasonableness'

---

[1] *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (taking judicial notice of information on government websites); *Ariz. Libertarian Party v. Reagan*, 798 F.3d 723, 727 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 823 (2016) ("We may take judicial notice of 'official information posted on a governmental website, the accuracy of which [is] undisputed'").

[2] Although 19 U.S.C. 1509 refers to a "summons" as opposed to a "subpoena," in the current case there is no meaningful distinction with how this administrative legal process operates, as far as counsel can determine.

- 4 -

...

inquiry must also be satisfied." See *Reich v. Mont. Sulphur & Chem. Co.*, 32 F.3d 440, 444 n. 5 (9th Cir. 1994)." *Id* at 1113.

Where, as here, the government seeks information implicating First Amendment-protected activities, the government must satisfy a high bar to compel disclosure. Specifically, an investigation that "intrudes into the area of constitutionally protected rights of speech, press, association and petition" requires the government to "convincingly show a substantial relation between the information sought and a subject of overriding and compelling state interest." *Gibson v. Fla. Legislative Investigation Comm.*, 372 U.S. 539, 546 (1963). *See also United States v. Rumely*, 345 U.S. 41, 46 (1953); *Bursey v. United States*, 466 F.2d 1059, 1083 (9th Cir. 1972).

Courts in civil litigation where First Amendment rights are at stake similarly impose a heightened standard before unmasking the identities of Internet users. *See, e.g., Art of Living Found. v. Does 1-10*, 2011 WL 5444622, at *4 (N.D. Cal. Nov. 9, 2011); *Malibu Media, LLC v. J. Does 1-16*, 902 F. Supp. 2d 690, 698-99 (E.D. Pa. 2012); *Enterline v. Pocono Medical Center*, 751 F. Supp. 2d 782, 787-88 (M.D. Pa. 2008); *Doe v. Cahill*, 884 A.2d 451, 456-57 (Del. 2005); *Highfields Cap. Mgmt. v. Doe*, 385 F. Supp. 2d 969, 974-76 (N.D. Cal. 2005); *Dendrite Int'l Inc. v. Doe*, 342 N. J. Super. 134, 141-42 (App. Div. 2001).

Under Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure, "the court where compliance is required must quash or modify a subpoena" that requires disclosure of protected matter or subjects a person to undue burden. The procedures under Rule 45 are made applicable to the federal agency Summons at issue here pursuant to Rule

- 5 -

NOTICE & MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH ADMIN. SUMMONS

81(a)(5), which provides that "these rules" -- referring to the Federal Rules of Civil Procedure -- "apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings."

The statute the government invokes here is found in Title 19 of the U.S. Code, which deals with "Customs Duties," and is specifically within Chapter 4 of Title 19, which deals with the "Tariff Act of 1930"; Subtitle III – "administrative provisions"; Part III – "Ascertainment, Collection, and Recovery of Duties." Not surprisingly, therefore, this statute is in the same Part as statutes that grant Customs agents authority to deal with "entry of merchandise"; "deferral of duty on large yachts imported for sale at United States boat shows"; "unclaimed merchandise"; "disposition of forfeited distilled spirits, wines and malt liquor"; "destruction of abandoned or forfeited merchandise"; "expense of weighing and measuring"; "examination of baggage"; "penalties for failure to declare"; "dutiable value"; "merchandise bearing American trade-mark"; and "importation of wild mammals and birds in violation of foreign law." Nothing in this statutory structure provides any broad authority for Customs agents to take action beyond the scope of these duties related to import and export of goods.

The text of Section 1509, entitled "Examination of Books and Witnesses," also (as it must) clearly relates to the regulation of import and export. Section 1509 indeed confers summons authority for records related to that topic; but the statute stops far

- 6 -

NOTICE & MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH ADMIN. SUMMONS

short of conferring generalized authority to obtain records of any kind beyond the scope of those related to merchandise duties, taxes, or fees. Section 1509 reads, in pertinent part:

(a) Authority

**In any investigation or inquiry conducted for the purpose of ascertaining the correctness of any entry, for determining the liability of any person for duty, fees and taxes due or duties, fees and taxes which may be due the United States, for determining liability for fines and penalties, or for insuring compliance with the laws of the United States administered by the United States Customs Service,** the Secretary[3] (but no delegate of the Secretary below the rank of district director or special agent in charge) may —

(1) examine, or cause to be examined, upon reasonable notice, any record (which for purposes of this section, includes, but is not limited to, any statement, declaration, document, or electronically generated or machine readable data) described in the notice with reasonable specificity, **which may be relevant to such investigation or inquiry --**

(A) the person who—

(i) imported, or knowingly caused to be imported, **merchandise** into the customs territory of the United States,

(ii) exported merchandise, or knowingly caused **merchandise** to be exported, to a NAFTA country (as defined in section 3301(4) of this title) or to Canada during such time as the United States-Canada Free-Trade Agreement is in force with respect to, and the United States applies that Agreement to, Canada,

(iii) transported or stored **merchandise** that was or is carried or held under customs bond, or knowingly caused such transportation or storage, or

(iv) **filed a declaration, entry, or drawback claim with the Customs**

---

[3] Regarding the "Secretary" referred to, while the Secretary of Commerce is referenced in certain provisions of Title 19 (e.g., investigations under § 1862), the default and overarching reference in Title 19 is to the Secretary of the Treasury. *See, e.g.,* 19 U.S.C. 1401(i), (l).

- 7 -

NOTICE & MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH ADMIN. SUMMONS

**Service**;

(B) any officer, employee, or agent of any person described in subparagraph (A);

(C) any person having possession, custody or care of records **relating to the importation or other activity described in subparagraph (A);** or

(D) any other person he may deem proper;

. . . to produce records, as defined in subsection (d)(1)(A), and to give such testimony, under oath, as may be relevant to such investigation or inquiry . . . .

(Emph. added).

If one stopped reading there (and ignored the context of Title 19), there could be an argument that the text of 19 U.S.C. § 1509 confers the type of broad summons authority the government is attempting to wield here. But § 1509(d)(1)(A) limits the type of record or document that can be obtained under this section. That section reads in pertinent part:

(d) Special procedures for third-party summonses

(1) For purposes of this subsection—

(A) The term "records" includes those—

(i) required to be kept under **section 1508** of this title; or

(ii) **regarding which there is probable cause to believe that they pertain to merchandise the importation of which into the United States is prohibited**.

19 U.S.C. § 1509(d)(1)(A) (emph. added). Both Section 1508, and subsection (ii) quoted above, unambiguously cover only imports and exports. Simply put, the statute limits the government's summons authority to records regarding imports and exports (and the duties, tariffs, and fines associated with such commerce).

- 8 -

NOTICE & MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH ADMIN. SUMMONS

Notably, there is no provision in the *statute* that allows the government to issue such summons "to ensure compliance with the laws or regulations administered by CBP and ICE," as asserted by DHS in this Summons. Exhibit A. The government appears to have gratuitously added that language to the summons, as part of its apparent theory of throwing legal processes against the wall to see what sticks.

Here, there is no plausible nexus between the documents sought and those permissible by statute. J. Doe is a U.S. citizen who has not traveled out of the country, is not engaged in any international commerce, has no business concerns outside the United States, and primarily uses their Reddit account to engage in political speech relevant to their local community. Yet the government claims the right to obtain Doe's name, telephone number, home address, banking and credit card information, IP addresses, telephone model number(s), and the names of any other accounts associated with their Reddit account. The information sought by the government in no way pertains to customs or importing or exporting merchandise, and is clearly intended to chill free speech.

The government's misuse of 19 U.S.C. § 1509 summons power in this case is not new. Indeed, in 2017 (during the first Trump administration), it was the subject of a 2017 report from the Department of Homeland Security's own Office of Inspector General, criticizing improper and illegal use of these types of summons. Ex. B. In that report, DHS itself found that it was unlawful for the government to issue a 1509 summons to try to unmask an anonymous twitter (now X) user:

> CBP issued the summons to Twitter regarding the @ALT_USCIS account for the purpose of identifying the owner of the account. CBP took the position that it

> needed this information in order to "insur[e] compliance with the laws of the United States administered by the [Service]" — i.e., to investigate possible criminal violations by CBP officials, including murder, theft, and corruption.
>
> However, Subtitle III, Part III of Title 19 — under which Section 1509 falls — addresses ascertainment, collection, and recovery of *customs duties* . . . .
>
> . . . CBP's purpose in issuing the summons to Twitter was unrelated to the importation of merchandise or the assessment and collection of customs duties.

Ex. B. at 2-3 (page 3-4 of PDF) (emph. in original). DHS went on to list other impermissible common uses of these summonses. *Id*. at 4 (page 5 of PDF).

Although DHS has attempted to erase or conveniently forget history, it cannot ignore its own legal opinion on this exact matter, when nothing in the law or constitution has changed in the intervening time period. The government's request exceeds the scope of what is permissible under 19 U.S.C. § 1509, and the Summons at issue must be quashed.

## II. The Summons Violates the First Amendment

The administrative Summons at issue seeks to unmask an anonymous speaker engaging in political speech on the internet. The U.S. Supreme Court has consistently protected the right of individuals and groups to engage in anonymous political speech. *See, e.g., Buckley v. American Constitutional Law Found.*, 525 U.S. 182, 199-200 (1999); *McIntyre v. Ohio Elections Comm.*, 514 U.S. 334 (1995). Courts in California have also upheld this right. *See e.g., Krinsky v. Doe 6*, 159 Cal. App. 4th 1154, 1164 (Cal. App. 2008); *Rancho Publications v. Superior Court*, 68 Cal. App. 4th 1538, 1548 (Cal. App. 1999) (holding that the California Constitution protects the right to anonymous political speech).

In *Krinsky*, the California Court of Appeals noted the reasons why anonymous speech, especially on the internet, is important, and why people may want to engage in it:

> The use of a pseudonymous screen name offers a safe outlet for the user to experiment with novel ideas, express unorthodox political views, or criticize corporate or individual behavior without fear of intimidation or reprisal. In addition, by concealing speakers' identities, the online forum allows individuals of economic, political, or social status to be heard without suppression or other intervention by the media or more powerful figures in the field.

159 Cal. App. 4th at 1162.

Compliance with the summons at issue would compromise the exercise of Doe's fundamental rights by chilling Doe's ability to freely associate with others, as well as to engage in political speech in a public forum. It would also chill the rights of others who see Doe targeted by the government in this manner. Such a summons "is subject to the closest scrutiny." *NAACP v. Alabama*, 357 U.S. 449, 461 (1958). *See also Bates v. City of Little Rock*, 361 U.S. 516, 524 (1960). If speakers engaged in protected speech are identified, their fundamental rights may be subject to forms of private retribution following court-ordered disclosures. *NAACP*, 357 U.S. at 462-63.

This Court may order disclosure only where the government has "demonstrated so cogent an interest" in obtaining this information "as to justify the substantial abridgment of associational freedom which such disclosures will effect. Where there is a significant encroachment upon personal liberty, the [government] may prevail only upon showing a subordinating interest which is compelling." *Bates*, 361 U.S. at 524. *See also NAACP*, 357 U.S. at 463.

Because anonymous actors engaged in protected political speech possess a First

- 11 -

NOTICE & MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH ADMIN. SUMMONS

Amendment right to remain anonymous, the government must prove a compelling interest in such identification. *McIntyre*, 514 U.S. at 347. Because the government has failed to do so, an order compelling the production of identities would grossly infringe on the First Amendment rights of Doe.

## CONCLUSION

J. Doe respectfully requests that the Court quash the administrative Summons at issue.

Dated: March 12, 2026.

> */s/ Matthew Kellegrew*
> Matthew Kellegrew, CA State Bar # 296166
> Admitted to N.D. Cal.
> Civil Liberties Defense Center
> mkellegrew@cldc.org
> 1711 Willamette St., Suite 301 # 359
> Eugene, OR 97401
> (541) 687-9180

- 12 -

NOTICE & MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH ADMIN. SUMMONS