MATTHEW KELLEGREW, admitted to N.D. Calif.
CA SBN: 296166
1711 Willamette St. Ste 301, #359
Eugene, OR 97401-4593
Tel: 541-687-9180
Email: mkellegrew@cldc.org

Attorney for Movant J. Doe

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In the Matter of the Summons Number OPR-DC-2026-032216-001:* ) | Case No. 26-mc-80074 |
| ) | |
| J. DOE, ) | **NOTICE OF MOTION AND** |
| ) | **MEMORANDUM OF LAW IN** |
| Movant, ) | **SUPPORT OF MOTION TO** |
| ) | **PROCEED UNDER FICTITIOUS** |
| v. ) | **NAME** |
| ) | |
| THE UNITED STATES ) | **DATE:** To Be Determined |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | **TIME:** To Be Determined |
| ) | |
| Respondent. ) | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that this motion will be heard as soon as this matter may be scheduled in the above-titled Court of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102.

Movant J. Doe respectfully submits the following memorandum of points and authorities in support of Doe's Motion to Proceed Under Fictitious Name. This motion is based on Fed. R. Civ. P. 10(a), the points and authorities herein, the Declaration of J.

- 1 -

NOTICE & MEM. OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER FICTITIOUS NAME

Doe and attached Exhibits A and B (Dkt Nos 1-1, 1-2, and 1-3), and any other evidence that may be entered into the record and/or presented at a hearing.

## STATEMENT OF FACTS

Movant realleges and incorporates by reference the facts alleged in Plaintiff's Motion to Quash and sworn to in the Declaration of J. Doe, Dkt Nos 1 and 1-1.

## ARGUMENT

As set forth in Movant's underlying Motion to Quash, and incorporating by reference the Declaration of J. Doe (Dkt Nos 1 and 1-1), Movant has a First Amendment right to engage in anonymous online political speech. If speakers engaged in protected speech are identified, their fundamental rights may be subject to forms of private retribution following court-ordered disclosures. *NAACP v. Alabama,* 357 U.S. 449, 461 (1958).

Courts have found the possible social repercussions of political speech satisfy the "compelling need" to proceed anonymously. *Publius v. Boyer–Vine,* 321 F.R.D. 358 (E.D. Cal. 2017, unpublished). In *Publius,* the court provided a well-reasoned summary of the legal standard for proceeding as an anonymous plaintiff:

> Under Federal Rule of Civil Procedure 10(a), the title of every complaint must "include the names of all the parties," and a plaintiff's use of a fictitious name may "run[ ] afoul of the public's common law right of access to judicial proceedings." *Does I through XIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1042 (9th Cir. 2010). Nevertheless, the Ninth Circuit permits parties to proceed anonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068; see also *United States v. Doe,* 488 F.3d 1154, 1155 n.1 (9th Cir. 2007) ("We are cognizant 'that the identity of the parties

- 2 -

NOTICE & MEM. OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER FICTITIOUS NAME

in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity") (emphasis added). The decision of whether or not to allow a party to remain anonymous is within this Court's discretion and will not be reversed unless the Court relies on an erroneous view of the law, makes an erroneous assessment of the evidence, or strikes an unreasonable balance of the relevant factors." See *id*. at 1042 (citing *Advanced Textile*, 214 F.3d at 1069).

321 F.R.D. at 361.

As referenced in the above citation, the Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII,* 214 F.3d at 1068.

Here, Movant Doe engages in political speech using an online forum and the government has sought to unmask their identity. Because the nature of the government's request is inextricably related to Doe's legal identity, should the Court deny Movant's request to proceed under a Doe pseudonym, it would not only be a *de facto* ruling for the government, it would largely moot the action in its most essential request; the protection of Doe's ability to engage in political speech anonymously.

The harm of unmasking to Movant would be twofold. First, unmasking Doe's legal identity over their objection would chill Doe's ability to speak freely using an online forum. This would collaterally chill the speech of others who engage in political speech in the same or similar online forums. The second risk of harm is retribution or harassment from those who disagree with Doe's political views. Vitriolic online harassment of those who hold outspoken political views is a feature of our society so common that this Court may take judicial notice of its occurrence. Movant has a

- 3 -

NOTICE & MEM. OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER FICTITIOUS NAME

reasonable concern that, if unmasked by the government, those who disagree with Movant's views will target them in their personal life.

Such an outcome is precisely what the Court tried to prevent in *Publius*, noting that "Publius should not be forced to choose between his right to anonymous political speech and his right to avail himself of the federal courts." *Publius,* 321 F.R.D. at 364. Because Movant has a compelling First Amendment reason to proceed as a pseudonymous Doe plaintiff, the Court should grant Movant's request until the underlying Motion to Quash can be heard on the merits.

## CONCLUSION

J. Doe respectfully requests that the Court permit Movant to proceed under the pseudonym J. Doe.

Dated: March 18, 2026.

> */s/ Matthew Kellegrew*
> Matthew Kellegrew, CA State Bar # 296166
> Admitted to N.D. Cal.
> Civil Liberties Defense Center
> mkellegrew@cldc.org
> 541-687-9180
> 1711 Willamette St. Ste 301 # 359
> Eugene, OR 97401

NOTICE & MEM. OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER FICTITIOUS NAME